# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# CASE NO. _____

| | |
|---|---|
| ALAN D. MARCELLETTI and DAISY E. MARCELLETTI,<br><br>    Plaintiffs<br>vs.<br><br>NATIONSTAR MORTGAGE LLC.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Florida Consumer Collection Practices Act, §§ 559.55-559.785.

3.  Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Alan D. Marcelletti is a natural person who resides in the County of Clay, State of Florida, and a person with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") by virtue of being directly affected by a violation of these Acts, to wit Plaintiff has been subjected to Defendant's improper debt collection activities.

5. Plaintiff Daisy E. Marcelletti is a natural person who resides in the County of Clay, State of Florida, and a person with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by a violation of these Acts, to wit Plaintiff has been subjected to Defendant's improper debt collection activities.

6. Defendant Nationstar Mortgage LLC ("Nationstar"), is a foreign limited liability company, and at all times material, was registered to conduct business and maintained agents for the transaction of its customary business in Florida.

## FACTUAL ALLEGATIONS

7. Plaintiffs are involved in a foreclosure action related to their primary residence, 379 Willow Green Drive, Orange Park, Florida 32073. Morequity, Inc. ("Morequity") is the Plaintiff of this foreclosure action. ("Foreclosure Action").

8. Nationstar is a loan servicer that services the debt at issue in the Foreclosure Action.

9. Morequity alleges in the foreclosure action that the Marcelletti's were in default with respect to the subject loan as of July 1, 2009.

10. Nationstar began servicing this loan on or about February 14, 2011.

11. Plaintiffs and Plaintiffs' attorneys for the Foreclosure Action informed Nationstar numerous times that they were represented by counsel and that Nationstar should direct all communications to Plaintiffs' counsel.

12. On Saturday morning, June 1, 2013, Nationstar sent a lady to Plaintiffs' home to take pictures of the inside and outside of Plaintiffs' home.

13. Despite cars in the driveway and barking dogs—signs that the property was occupied—the lady knocked on the door.

14. Plaintiffs answered the door and the lady explained she was there to take pictures of the inside and outside of the home for purposes related to the Foreclosure Action.

15. Plaintiffs explained that they were represented in the Foreclosure Action and that Nationstar or any of Moreqity's agents were not to have contact with Plaintiffs.

16. The lady handed a slip of paper, a copy of which is attached as "Exhibit A."

17. The parties to this lawsuit were previously engaged in a similar lawsuit that was based on the same conduct. Thus, Nationstar has had repeated contact with Plaintiffs while they are represented in the Foreclosure Action, despite knowledge of the same.

## CAUSES OF ACTION

**COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.***

18. Plaintiffs re-allege Paragraphs 1-17 here.

19. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

20. The amounts of principal, interest, fees, and costs that Nationstar has attempted to collect as default loan servicer for the subject property is a "debt" within the meaning of section 15 U.S.C. § 1692a(5), as these involve an actual or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

21. Nationstar is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and interpreted by federal appellate courts, to wit Nationstar was assigned this debt/loan while it was in default.

22. Nationstar violated § 1692c(a)(2) by knocking on Plaintiffs' door on Saturday morning, June 1, 2013, to take pictures of the inside and outside of Plaintiffs' home after it knew the consumer was represented by an attorney.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT II:  VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

23. Plaintiffs re-allege Paragraphs 1-18 here.

24. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiffs were "consumers," as Plaintiffs were natural persons actually or allegedly obligated to pay a debt that arises out the mortgage loan that is the subject of the Foreclosure Action.

25. The amounts of principal, interest, fees, and costs that Nationstar has attempted to collect as default loan servicer for the subject property is a "consumer debt" within the meaning of section 559.55(1), as these address an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

26. Nationstar violated section 559.72(18) by knocking on Plaintiffs' door on Saturday morning, June 1, 2013, to take pictures of the inside and outside of Plaintiffs' home after it knew the consumer was represented by an attorney.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

a) judgment be entered against Nationstar for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further improper collection attempts; and all other relief to which Plaintiffs are entitled; and

b) judgment be entered against Nationstar for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2) for each Plaintiff and for each violation of the statute; for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees for each Plaintiff; injunctive and declaratory relief regarding further improper collection attempts; and any and all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

\s Austin Brown
Austin Brown, Esquire
Florida Bar Number: 96633
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Tel: (904)733-7766; Fax: (904)733-2919
abrown@jaxlawcenter.com

**Trial Counsel for Plaintiffs**

# EXHIBIT A

WE URGENTLY NEED TO SPEAK WITH ALAN MARCELLETTI

NATIONSTAR MORTGAGE
877-372-0315

NSM11